PHILLIP A. TALBERT
United States Attorney
KAREN A. ESCOBAR
Assistant United States Attorney
2500 Tulare Street, Suite 4401
Fresno, CA 93721
Telephone:  (559) 497-4000
Facsimile:   (559) 497-4099

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                          Plaintiff,<br><br>                 v.<br><br>ALEXIS MENDIOLA,<br>IGNACIO ALCANTAR-TORRES,<br>XOCHIL AGUILERA, and<br>ANA MARGARITA VALDEZ-TORRES,<br><br>                          Defendant. | CASE NO.  1:20-CR-00240-JLT-SKO<br><br>STIPULATION REGARDING EXCLUDABLE TIME PERIODS UNDER SPEEDY TRIAL ACT; ORDER<br><br>DATE: July 31, 2023<br>TIME: 8:30 a.m.<br>COURT: Hon. Jennifer L. Thurston |

**BACKGROUND**

This case is set for trial on July 31, 2023.  On May 13, 2020, this Court issued General Order 618, which suspends all jury trials in the Eastern District of California "until further notice."   Under General Order 618, a judge "may exercise his or her authority to continue matters, excluding time under the Speedy Trial Act with reference to the court's prior General Order 611 issued on March 17, 2020 . . . with additional findings to support the exclusion in the Judge's discretion."  General Order 618, ¶ 6 (E.D. Cal. May 13, 2020).  In addition, any judge "may order case-by-case exceptions" to General Order 618's provisions "at the discretion of that Judge or upon the request of counsel, after consultation with counsel and the Clerk of the Court to the extent such an order will impact court staff and operations."  General Order 618, ¶ 7 (E.D. Cal. May 13, 2020).  This and previous General Orders were entered to

1   address public health concerns related to COVID-19.

2        Although the General Orders address the district-wide health concern, the Supreme Court has

3   emphasized that the Speedy Trial Act's end-of-justice provision "counteract[s] substantive

4   openendedness with procedural strictness," "demand[ing] on-the-record findings" in a particular case.

5   *Zedner v. United States*, 547 U.S. 489, 509 (2006). "[W]ithout on-the-record findings, there can be no

6   exclusion under" § 3161(h)(7)(A). *Id.* at 507. Moreover, any such failure cannot be harmless. *Id.* at

7   509; *see also United States v. Ramirez-Cortez,* 213 F.3d 1149, 1153 (9th Cir. 2000) (explaining that a

8   judge ordering an ends-of-justice continuance must set forth explicit findings on the record "either orally

9   or in writing").

10       Based on the plain text of the Speedy Trial Act—which *Zedner* emphasizes as both mandatory

11  and inexcusable—General Orders 611, 612, 617, and 618 require specific supplementation. Ends-of-

12  justice continuances are excludable only if "the judge granted such continuance on the basis of his

13  findings that the ends of justice served by taking such action outweigh the best interest of the public and

14  the defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A). Moreover, no such period is excludable

15  unless "the court sets forth, in the record of the case, either orally or in writing, its reason or finding that

16  the ends of justice served by the granting of such continuance outweigh the best interests of the public

17  and the defendant in a speedy trial." *Id.*

18       The General Orders exclude delay in the "ends of justice." 18 U.S.C. § 3161(h)(7) (Local Code

19  T4). Although the Speedy Trial Act does not directly address continuances stemming from pandemics,

20  natural disasters, or other emergencies, this Court has discretion to order a continuance in such

21  circumstances. For example, the Ninth Circuit affirmed a two-week ends-of-justice continuance

22  following Mt. St. Helens' eruption. *Furlow v. United States,* 644 F.2d 764 (9th Cir. 1981). The court

23  recognized that the eruption created "appreciable difficulty" for the trial to proceed. *Id.* at 767-69; *see*

24  *also United States v. Correa*, 182 F. Supp. 326, 329 (S.D.N.Y. 2001) (citing *Furlow* to exclude time

25  following the September 11, 2001 terrorist attacks and the resultant public emergency).

26       The coronavirus poses a similar, albeit more enduring, "appreciable difficulty" to the prompt

27  proceedings mandated by the statutory rules. Recently, the Ninth Circuit enumerated a "non-

28  exhaustive" list of seven factors it found to be "relevant" in considering ends-of-justice Speedy Trial Act

STIPULATION REGARDING EXCLUDABLE TIME
PERIODS UNDER SPEEDY TRIAL ACT

1   continuances "in the context of the COVID-19 pandemic." *United States v. Olsen*, --- F.3d ---, 2021 WL

2   1589359 at *7 (9th Cir. Apr. 23, 2021).  That non-exhaustive list includes:  (1) whether a defendant is

3   detained pending trial; (2) how long a defendant has been detained; (3) whether a defendant has invoked

4   speedy trial rights since the case's inception; (4) whether a defendant, if detained, belongs to a

5   population that is particularly susceptible to complications if infected with the virus; (5) the seriousness

6   of the charges a defendant faces, and in particular whether the defendant is accused of violent crimes;

7   (6) whether there is a reason to suspect recidivism if the charges against the defendant are dismissed;

8   and (7) whether the district court has the ability to safely conduct a trial.  *Id.*

9       In light of the foregoing, this Court should consider the following case-specific facts in finding

10  excludable delay appropriate in this particular case under the ends-of-justice exception, § 3161(h)(7)

11  (Local Code T4).  If continued, this Court should designate a new date for the status conference.  *United*

12  *States v. Lewis,* 611 F.3d 1172, 1176 (9th Cir. 2010) (noting any pretrial continuance must be

13  "specifically limited in time").

14                                    **STIPULATION**

15      Plaintiff United States of America, by and through its counsel of record, and defendants, by and

16  through defendants' counsel of record, hereby stipulate as follows:

17      1.      By previous order, this matter was set for trial on July 31, 2023.

18      2.      By this stipulation, defendants now move to continue the trial to August 8, 2023, and to

19  exclude time between July 31, 2023, and August 8, 2023, under 18 U.S.C. § 3161(h)(7)(A), B(iv) [Local

20  Code T4].

21      3.      The parties agree and stipulate, and request that the Court find the following:

22              a)      The Ninth Circuit conference is scheduled for the week of July 31, 2023 and the

23  Court will be unavailable for trial that week.

24              b)      Counsel for defendants desire additional time to prepare for trial, conduct further

25  investigation, and review the government's proposed plea offers with the defendants.

26              c)      Counsel for defendants believe that failure to grant the above-requested

27  continuance would deny them the reasonable time necessary for effective preparation, taking into

28  account the exercise of due diligence.

d)      The government does not object to the continuance.

In addition to the public health concerns cited by the General Orders and presented by the evolving COVID-19 pandemic, an ends-of-justice delay is particularly apt in this case because, in this district, the Court has begun to schedule a limited number of trials with several precautions designed to protect trial participants from possible infection with the coronavirus. For example, the Court plans to hold only one trial per floor at one time, thus limiting the number of trials that can be safely scheduled at any given time.

e)      Based on the above-stated findings, the ends of justice served by continuing the case as requested outweigh the interest of the public and the defendants in a trial within the original date prescribed by the Speedy Trial Act.

f)      For the purpose of computing time under the Speedy Trial Act, 18 U.S.C. § 3161, et seq., within which trial must commence, the time period of July 31, 2022 to August 8, 2023, inclusive, is deemed excludable pursuant to 18 U.S.C.§ 3161(h)(7)(A), B(iv) [Local Code T4] because it results from a continuance granted by the Court at defendant's request on the basis of the Court's finding that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.

4.      Nothing in this stipulation and order shall preclude a finding that other provisions of the Speedy Trial Act dictate that additional time periods are excludable from the period within which a trial must commence.

///
///
///
///
///
///
///
///
///

IT IS SO STIPULATED.

Dated:  December 13, 2022                     PHILLIP A. TALBERT
                                              United States Attorney


                                              /s/ KAREN A. ESCOBAR
                                              KAREN A. ESCOBAR
                                              Assistant United States Attorney

Dated:  December 13, 2022                     /s/ ANTHONY P. CAPOZZI
                                              ANTHONY P. CAPOZZI
                                              Counsel for Defendant
                                              ALEXIS MENDIOLA


Dated:  December 13, 2022                     /s/ GALATEA DELAPP
                                              GALATEA DELAPP
                                              Counsel for Defendant
                                              IGNACIO ALCANTAR-
                                              TORRES

Dated:  December 13, 2022                     /s/ MATTHEW J. LOMBARD
                                              MATTHEW J. LOMBARD
                                              Counsel for Defendant
                                              XOCHIL AGUILERA


Dated:  December 13, 2022                     /s/ TIMOTHY P. HENNESSY
                                              TIMOTHY P. HENNESSY
                                              Counsel for Defendant
                                              ANA MARGARITA VALDEZ-
                                              TORRES

[~~PROPOSED~~] ORDER

IT IS SO FOUND.

IT IS SO ORDERED.

Dated:  **December 15, 2022**

                                              UNITED STATES DISTRICT JUDGE